IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |
| v. | * | Crim. No. **PJM 02-0227** |
| | * | |
| | * | |
| **EVERETT F. ROBINSON, JR.** *pro se* | * | |
| | * | |
| Petitioner | * | |
| | * | |

**MEMORANDUM OPINION**

Everett F. Robinson, Jr., *pro se*, has filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), relying on Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), ECF No. 127, and a Motion for *Nunc Pro Tunc* Order and Motion Under Federal Rule of Civil Procedure 60(b)(6). ECF No. 138. The Court finds Robinson is ineligible for a reduction pursuant to Amendment 782 because he was properly determined to be a career offender and further that his Motion for *Nunc Pro Tunc* and Motion under FRCP 60(b)(6) simply have no application here. Accordingly, the Court will **DENY** the motions.

**I.**

On December 10, 2003, Robinson was found guilty by a jury of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841. ECF No. 42. At sentencing, the Court adopted the factual findings and advisory guideline application in the Presentence Report, determining Robinson's base offense level

-1-

involving drugs to be 34, per U.S.S.G. § 2D1.1 *See* Sentencing Transcript at 67, ECF No. 83; Presentence Report at ¶ 22. He received a two-level upward adjustment for obstruction of justice because he testified falsely at trial, and an additional two-level upward adjustment for obstruction of justice because he attempted to run over an officer while trying to flee the scene. Presentence Report at ¶¶ 26, 27. Accordingly, Robinson's final offense level was 38. ECF No. 77; Statement of Reasons at 1. While Robinson unquestionably qualified as a career offender under U.S.S.G. § 4B1.1, because his offense level under U.S.S.G. § 2D1.1 involving drugs (i.e., 38) resulted in a higher offense level than that determined under U.S.S.G. § 4B1.1 for career offenders (i.e., 37), the higher offense level based on the § 2D1.1 drug guidelines was applicable. Presentence Report at ¶ 41-42. *The bottom line*: Robinson had a total offense level of 38 and a criminal history category of VI, which resulted in a sentencing range of 360 months to life in custody. Presentence Report at Sentencing Recommendation.

The Court sentenced Robinson to the low end of the guidelines range—360 months—and 5 years of supervised release. *See* Sentencing Transcript at 67; Statement of Reasons at 1; Judgment, ECF No. 77. However, during sentencing, the Court stated that it would impose an alternative sentence of 264 months if the Supreme Court ruled that the guidelines were merely advisory. *See* Sentencing Transcript at 78. Later that very same day, the Supreme Court issued its opinion in *United States v. Booker*, 542 U.S. 220 (2005), ruling that the guidelines were indeed only advisory. Accordingly, this Court's alternative sentence of 264 months' imprisonment was imposed. ECF No. 79.

Since then, Robinson has filed and the Court has granted a Motion to Reduce Sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines. ECF No. 109; ECF No. 110. Robinson's sentence was further reduced to 210 months imprisonment. ECF No. 110.

On March 16, 2015, Robinson, *pro se*, filed the current Motion for Modification of Sentence, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 127. On May 16, 2017, the Government filed an Opposition, arguing that Robinson is ineligible for the reduction because his current 210-month sentence of imprisonment is lower than his amended guideline range when calculated using his career offender status. ECF No. 137. Robinson has filed no direct reply to this Motion, but has instead filed a Motion for *Nunc Pro Tunc* Order and Motion Under Federal Rule of Civil Procedure 60(b)(6), asserting that his career offender status should be removed. ECF No. 138.

## II.

a. Robinson's Motion to Reduce Fails Because he is a Career Offender

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782, effective November 1, 2014, reduced by two levels the base offense level under U.S.S.G. § 2D1.1 for certain drug offenses. *See* U.S. Sentencing Commission, Guidelines Manual 2016, Supplement to Appendix C, Amendment 782. However, Amendment 782 did not have the effect of reducing the sentence for a career offender sentenced under U.S.S.G. § 4B1.1. That is because "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range

because of the operation of **another guideline or statutory provision**." U.S.S.G. § 1B1.10, Application Note 1(a) (emphasis added); *United States v. France*, 637 F. Appx 733, 734 (4th Cir. 2016) (holding that "a district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline").

Amendment 782 typically does not reduce sentences for career offenders because the Amendment affects offense levels calculated under U.S.S.G. § 2D1.1, not § 4B1.1. However, the Fourth Circuit held in *United States v. Proctor* that a petitioner determined to be a career offender under U.S.S.G. § 4B1.1, but who was sentenced according to the drug guideline under U.S.S.G. § 2D1.1, was eligible for a sentence reduction despite the career offender designation if § 2D1.1 resulted in a higher offense level. *United States v. Proctor*, 397 Fed.Appx. 898, 899-900 (4th Cir. 2010).

The rationale in *Proctor* is relevant here. *See United States v. Ware*, JKB-00-0143, 2016 WL 5793428, at *2 (D. Md. Sept. 29, 2016). At sentencing, Robinson's guideline range was determined with reference to the quantity of drugs attributed to him under U.S.S.G. § 2D1.1—even though he was separately determined to be a career offender—because the guideline range produced by the career offender designation was lower than the guideline for the drugs. *Cf.* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender ... is greater than the offense level otherwise applicable, the offense level [generated by the career offender designation] shall apply.").

Under U.S.S.G. § 1B1.10(a)(2)(B), a sentence reduction is impermissible if the invoked Amendment does not have the effect of lowering the defendant's applicable guideline range. Thus, even though the Court may consider a request for a reduction of a sentence under

Amendment 782 (per the rule established in *Proctor*), the petitioner is ultimately ineligible for a reduction if the Amendment does not have the effect of lowering his guideline range. That is precisely the case here.

On September 16, 2009, the Court reduced Robinson's sentence to 210 months pursuant to Amendment 706, determining that, after a two-level reduction, his amended offense level was 36. If Robinson were to receive a reduction under Amendment 782, he would have a new total offense level of 34. However, because his career offender offense level of 37 would now be higher than his amended offense level of 34, the career offender offense level would apply.[1] With a criminal history category of VI and a career offender offense level of 37, Robinson's amended guideline range would be 360 months to life, which is higher than his current sentence of 210 months. Accordingly, as a result of Robinson's career offender status, the two-level reduction under Amendment 782 does not have the effect of lowering his guideline range or ultimately reducing his sentence.[2]

    b. <u>Robinson's Motion for Nunc Pro Tunc Order and Motion Under Federal Rule of Civil Procedure 60(b)(6) also Fails</u>

In response to the Government's Opposition to his Motion for Modification of Sentence, Robinson filed a Motion for *Nunc Pro Tunc* Order and Motion Under Fed Rule of Civ. Pro. 60(b)(6). ECF No. 138. Robinson argues that his career offender status should be removed, seemingly asserting three separate rationales. First, he suggests the Court should issue a *nunc pro*

---

[1] The Court recognizes that this rationale appears to have been equally applicable to Robinson's previous Motion to Reduce pursuant to Amendment 706. However, *Proctor* had not yet been decided at that point, and the Government consented to that motion without raising this argument.

[2] None of the exceptions to this rule apply here. For example, a career offender may be eligible for a reduction under Amendment 782 if "the court originally had the authority to sentence the defendant below the mandatory minimum based on his substantial assistance to authorities." U.S.S.G. § 1B1.10(a), (c); *see also Davis*, No. 00-0424, ECF No. 702 at 2 (D. Md. Aug. 2016). There is no indication from Robinson's Presentence Report or any other source that Robinson received "any downward departure from his Advisory Guidelines range based on substantial assistance to authorities." *Davis*, No. 00-0424, ECF No. 702 at 3 (D. Md. Aug. 2016).

*tunc* order to remove his career offender status; second, he suggests the Court should remove his career offender status pursuant to Fed. Rule of Civ. Pro. 60(b)(6); and third, he argues he is eligible for relief under *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). At the core of each of these arguments, Robinson contends that his conviction for Breaking and Entering of a Dwelling and Malicious Destruction of Property (a single charge in Maryland, hereinafter referred to as "Breaking and Entering") was not a crime of violence and should not have been used as a predicate offense for determining his status as a career offender.

Under U.S.S.G. § 4B1.1, a defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Specifically, Robinson fulfills each of the three elements of this definition: he was more than 18 years old when he committed the instant offense, he was sentenced in this case for a felony drug crime, and he had been previously convicted of Breaking and Entering *and* Unlawful Possession With Intent to Distribute 50 Grams or More of Cocaine Base. Presentence Report at ¶¶ 36-38.

A *nunc pro tunc* order simply has no place in this case. "[T]he doctrine of nunc pro tunc may only be employed to correct mistakes or omissions in the record so that the record properly reflects the events that actually took place." *Glynne v. Wilmed Healthcare*, 699 F.3d 380, 384 (4th Cir. 2012). Robinson is seeking to use the Motion to substantially change decisions that were made earlier in the case, which is not the office of a motion *nunc pro tunc*.

Further, the Court concludes that, based on current precedent, Robinson's conviction for Breaking and Entering qualifies as a predicate crime of violence for purposes of determining

career offender status. *See United States v. Jordan*, 211 F. App'x 207, 208 (4th Cir. 2006); *United States v. Claiborne*, 132 F.3d 253, 255 (5th Cir. 1998) (holding that Louisiana's unauthorized entry of a dwelling statute is a predicate offense). *See also Daniels v. United States*, 2012 WL 4928894, at *1 (E.D.N.C. Oct. 16, 2012) (concluding that defendant's two prior North Carolina convictions for breaking and entering qualified as predicates for the career offender enhancement).[3]

Robinson's request for relief under Federal Rule of Civil Procedure 60(b) also fails. Courts apply the Federal Rules of Civil Procedure in civil cases; they cannot be used to invalidate a criminal judgment. *See United States v. Retayaud*, 2008 WL 3154823, at *1 (W.D.N.C. Aug. 1, 2008). Even if Rule 60(b) did apply—and clearly it does not—Robinson has not shown that "exceptional circumstances" exist to support his request for relief. *See Dowell v. State Farm & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (requiring a showing of "exceptional circumstances" in Rule 60(b) motions).

Robinson's argument for relief under *United States v. Holloway* is similarly unpersuasive. In *Holloway*, the defendant had stolen three cars at gunpoint during a two-day span. "The [G]overnment brought separate counts for each carjacking, and each carjacking count

---

[3] That said, the Fourth Circuit recently suggested that whether felony breaking and entering (under North Carolina law) is a predicate offense for the career offender enhancement may be an open question. *See United States v. Mack*, 855 F.3d 581, 586, n.2 (4th Cir. 2017).

Before he was sentenced, Robinson objected to counting his Breaking and Entering conviction toward career offender status because he was not represented by counsel when convicted of that offense. Defendant's Amended Objections to the Presentence Report at 1, ECF No. 71. In its Addendum to the Presentence Report, the Probation Office asked the Court to resolve the issue of whether Robinson was in fact without counsel and whether he knowingly and voluntarily waived counsel in connection with that conviction. At sentencing, the Government presented evidence indicating that Robinson had knowingly and voluntarily waived his right to counsel after being advised of his right to counsel prior to the waiver. *See* Sentencing Transcript at 11-15, ECF No. 83. The Court ruled that it was satisfied, based on the record, that Robinson had in fact knowingly and voluntarily waived counsel when found guilty of the Breaking and Entering offense. *Id*. at 47-49.

was accompanied by its own so-called '§ 924(c) count.'" *United States v. Holloway*, 68 F. Supp. 3d 310, 312 (E.D.N.Y. 2014).[4] Holloway rejected an offer to plead guilty to just one § 924(c) violation instead of three and proceeded to trial on all three § 924(c) offenses where he was convicted of all three. *Id.* at 312. Holloway was sentenced to a total prison term of 57 years and 7 months, in part because § 924(c) required certain mandatory consecutive sentences for multiple violations. *Id.* at 312-13. Years later, Holloway moved to re-open his § 2255 motion under Fed. Rule Civ. Pro 60(b). *Id.* at 314–15. Recognizing that Fed. Rule Civ. Pro 60(b) was not a permissible avenue through which Holloway could attack his sentence, but finding that there were good reasons to revisit Holloway's excessive sentence that resulted from this "stacking," the court issued an order requesting that the Government consider exercising its discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions. *Id.* at 313–15. The Government ultimately withdrew its opposition to Holloway's Rule 60(b) motion and indicated that it did not oppose the granting of Holloway's § 2255 motion, thus providing the court with the authority to vacate two of his § 924(c) convictions. *Id.* at 314–15.

*Holloway*, of course, a case from the Eastern District of New York, has no binding effect on the Court. Additionally, "[t]he *Holloway* court did not conclude or even suggest that it had unilateral discretion to reduce the defendant's sentence." *United States v. Ledezma-Rodriguez*, 2017 WL 1368983, at *2 (S.D. Iowa Apr. 10, 2017). Rather, it was the Government's decision to not oppose Holloway's motion under § 2255 to vacate two of the § 924(c) convictions that permitted the Court to address the perceived injustice. *Id.* Furthermore, whereas *Holloway* involved multiple charges based essentially on the *same* offense or closely related offenses, Robinson's career offender enhancement was based on *separate and distinct* prior convictions. The *Holloway* court indicated that a circumstance such as that would <u>not</u> merit a request that the

---
[4] This style of prosecution has been referred to as "stacking." *See id*. at 313.

-8-

Government retroactively vacate any charges. *See Holloway*, 68 F. Supp. 3d. at 312 (noting that Holloway's § 924(c) enhancement "sounds like a typical recidivism enhancement until you consider that the 'second or subsequent' convictions can occur in the same trial as the first one, as they did here").

The Court finds that Robinson has not established that his career offender status was invalid. Accordingly, he is not eligible for a reduction under Amendment 782 because he was sentenced as a career offender under U.S.S.G. § 4B1.1 and the two-level reduction under Amendment 782 did not and does not have the effect of lowering his guideline range or reducing his sentence. Nor, finally, does the Court have any authority under Fed. Rule Civ. Pro. 60(b) to reduce his sentence.[5]

### III.

For the above reasons, Robinson's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), relying on Amendment 782 to the U.S. Sentencing Guidelines, ECF No. 127, and Motion for *Nunc Pro Tunc* Order and Motion Under Federal Rule of Civil Procedure 60(b)(6) ECF No. 138 are **DENIED**.

A separate Order will **ISSUE**.

---

[5]The proper avenue through which Robinson might argue that he is not a career offender is a Motion to Vacate pursuant to § 2255. However, because Robinson has previously filed two § 2255 motions, both of which were denied, any other § 2255 motion would be successive. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). Successive § 2255 motions require pre-filing authorization from the court of appeals, *Felker v. Turpin*, 518 U.S. 651, 657 (1996), which may grant the district court permission to hear a successive application if the motion is based on a new rule of constitutional law that applies retroactively or is predicated on facts that could not have been previously discovered and those facts demonstrate clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the offense. 28 U.S.C. § 2255(h). It is by no means certain that any of these conditions obtain here.

On the other hand, because the qualification of Robinson's Breaking and Entering conviction as a predicate offense for determining career offender status appears to be an open question in this Circuit, *see* note 3, *supra*, the Court believes that reasonable jurors may differ on that issue. Accordingly, the issue may well justify review by the Fourth Circuit. The proper vehicle for such a review, however, would be through a § 2255 Motion, which is not the motion before the Court.

**IV.**

A petitioner in a habeas corpus proceeding has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322 A prisoner satisfies this standard by "'demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong,'" and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). Having considered the record, because Robinson has filed Motion for *Nunc Pro Tunc* and Motion Under Federal Rule of Civil Procedure 60(b)(6), not a § 2255 motion, the Court finds that Robinson has not made the requisite showing here. *But* s*ee* note 5, *supra*.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 9, 2017**