IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| v. | * | Crim. No. **PJM 02-0227** |
| EVERETT F. ROBINSON, JR. | * | |
| Petitioner | * | |

## MEMORANDUM OPINION

Everett F. Robinson, Jr., through counsel, has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act of 2018.[1] ECF No. 145. He asks the Court to reduce his term of imprisonment from 210 months to 188 months and his term of supervised release from five years to four years. *See id.* The Government opposes. ECF No. 150. For the following reasons, the Court will **GRANT** Robinson's Motion.

### I.

On December 10, 2003, Robinson was found guilty by a jury of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841. ECF No. 42. At sentencing, the Court adopted the factual findings and advisory guideline application in the Presentence Report, which determined Robinson's base offense level involving drugs to be 34, per U.S.S.G. § 2D1.1 *See* Sentencing Transcript at 67, ECF No. 83; Presentence

---

[1] Robinson also filed, *pro se*, a Supplemental Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), in which he also argues for a sentence reduction based on the First Step Act. ECF No. 142. Because both pending Motions rely on the First Step Act, the Court will consider them concurrently.

1

Report at ¶ 22. Robinson received a two-level upward adjustment for obstruction of justice because he testified falsely at trial, and an additional two-level upward adjustment for obstruction of justice because he attempted to run over an officer while trying to flee the scene of his arrest. Presentence Report at ¶¶ 26, 27. Accordingly, Robinson's final offense level was determined to be 38. ECF No. 77; Statement of Reasons at 1. While Robinson unquestionably qualified as a career offender under U.S.S.G. § 4B1.1, because his offense level under U.S.S.G. § 2D1.1 involving drugs (i.e., 38) resulted in a higher offense level than that determined under U.S.S.G. § 4B1.1 for career offenders (i.e., 37), the higher offense level based on the § 2D1.1 drug guidelines was held applicable. Presentence Report at ¶ 41-42. *The bottom line*: Robinson had a total offense level of 38 and a criminal history category of VI, which resulted in a sentencing range of 360 months to life in custody. Presentence Report at Sentencing Recommendation.

The Court sentenced Robinson to the low end of the guidelines range—360 months—and 5 years of supervised release. *See* Sentencing Transcript at 67; Statement of Reasons at 1; Judgment, ECF No. 77. However, during sentencing, the Court stated that it would impose an alternative sentence of 264 months if the Supreme Court ruled that the guidelines were merely advisory. *See* Sentencing Transcript at 78. Later that very same day, the Supreme Court issued its opinion in *United States v. Booker*, 542 U.S. 220 (2005), ruling that the guidelines were indeed only advisory. Accordingly, this Court's alternative sentence of 264 months' imprisonment was imposed. ECF No. 79.

On September 16, 2009, the Court granted Robinson's Motion to Reduce Sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines. ECF No. 109; ECF No. 110. Robinson's sentence was further reduced to 210 months imprisonment. ECF No. 110.

On March 16, 2015, Robinson filed a Motion for Modification of Sentence, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 127. On May 16, 2017, the Government filed an Opposition, arguing that Robinson was ineligible for the reduction because his 210-month sentence of imprisonment was lower than his amended guideline range when calculated using his career offender status. ECF No. 137. Robinson filed no direct reply to this Motion, instead filing a Motion for *Nunc Pro Tunc* Order and Motion Under Federal Rule of Civil Procedure 60(b)(6), asserting that his career offender status should be removed. ECF No. 138. On August 9, 2017, the Court issued a Memorandum Opinion and Order denying both of Robinson's Motions. ECF Nos. 140, 141. His term of imprisonment remained at 210 months.

On April 29, 2019, Robinson filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act of 2018. ECF No. 145. After the Court granted two Motions for Extension of Time, the Government filed its Opposition on June 6, 2019. ECF No. 150. Robinson filed his Reply on June 19, 2019. ECF No. 151.

**II.**

In 2010, the Federal Government enacted the Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"). The FSA increased the amounts of cocaine base, otherwise known as crack cocaine, necessary to trigger mandatory minimum sentences for certain trafficking offenses. *See id.* Specifically, the FSA increased from five to twenty-eight grams the threshold quantity of crack cocaine necessary to implicate the five-year mandatory minimum sentence. *See id.* at § 2(a). The FSA also increased from fifty to 280 grams the amount of crack cocaine necessary to trigger the ten-year mandatory minimum sentence. *See id.* Accordingly, offenses involving more than twenty-eight but less than 280 grams of crack cocaine were made subject to a sentencing range of five to forty years, and offenses involving more than 280 grams

of crack cocaine were made subject to a sentencing range of ten years to life. *See* 21 U.S.C. § 841(b). The FSA had the effect of reducing the sentencing disparity between offenses for crack cocaine and powder cocaine from 100-to-1 to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 269 (2012).

On December 21, 2018, the Federal Government enacted the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), which states that courts "may, on motion of the defendant . . . impose a reduced sentence" for a criminal defendant who (1) was convicted of a "covered offense," i.e., a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]"; and (2) the offense was committed before August 3, 2010; and (3) the defendant did not already receive a reduction under the FSA or the First Step Act. *See* First Step Act, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act also made retroactive the FSA's revisions of the statutory ranges for defendants convicted of offenses involving crack cocaine. *See* First Step Act, § 404(b). Accordingly, the violation of a criminal statute whose statutory penalties were revised by the FSA was deemed to be a "covered offense" within the First Step Act, meaning that defendants previously convicted of such a "covered offense" would be eligible to seek a sentence reduction under the First Step Act. *See id.* § 404(a).

The parties disagree over whether Robinson is eligible for a sentence reduction under the First Step Act. The Government contends that he has not been convicted of a "covered offense." ECF No. 150 at 13–15. Arguing that "the key question is whether the actual 'violation' would have had a different statutory penalty had the higher quantity thresholds of the [FSA] been in place when it was 'committed,'" *id.* at 15, the Government notes that Robinson was found to have been in possession of 312 grams of crack cocaine, an amount that would have subjected him to the

4

sentencing range of ten years to life regardless of the statutory modifications in the FSA. *See id.* at 14–15. Robinson counters that a "covered offense" under the First Step Act is defined by the elements of the offense of a defendant's conviction, as laid out in his indictment, not by the defendant's particular conduct. ECF No. 151 at 11–13. The Court agrees with Robinson.

Nearly all other district courts that have considered motions to reduce sentences under the First Step Act have adopted the elemental approach in determining what qualifies as a "covered offense."

> [I]n determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; *it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction*, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.

*United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) (emphasis added); *see also United States v. Boulding*, 379 F. Supp. 3d 646, 652 (W.D. Mich. 2019); *United States v. Rose*, 379 F. Supp. 3d 223, 228–30 (S.D.N.Y. 2019); *United States v. Stanback*, 377 F. Supp. 3d 618, 624 (W.D. Va. 2019); *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019); ECF No. 151 at 13–15 (collecting cases).

Robinson was convicted after a jury trial of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841. ECF No. 42. Both of these statutes were modified by the FSA in 2010. Therefore, the Court concludes that Robinson's convictions constitute a "covered offense" within the meaning of the First Step Act.

Robinson easily satisfies the other criteria for eligibility under the First Step Act: that he committed his offenses well before August 3, 2010 (given that he was convicted at trial nearly seven years before that date), and that his sentence has not previously been reduced pursuant to

the FSA or the First Step Act. The Court most recently reduced Robinson's sentence in 2009, before the Federal Government enacted both the FSA and the First Step Act. *See* ECF No. 110. In consequence, Robinson is eligible to request a sentencing reduction under the First Step Act.

### III.

Most district courts within the Fourth Circuit have evaluated motions to reduce sentence pursuant to Section 404 of the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B), which permits a court to modify a term of imprisonment after it has been imposed "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See, e.g.*, *United States v. Wood*, Case No. 6:09-cr-00007, 2019 WL 1510005, at *1 (W.D. Va. Apr. 5, 2019) (stating that "[m]odifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)). Neither party disputes the applicability of 18 U.S.C. § 3582(c)(1)(B) to Robinson's Motion. *See* ECF No. 150 at 6; ECF No. 151 at 22.

In the present case, the Government and Defendant diverge on whether a motion to reduce sentence under Section 404 of the First Step Act is analogous to a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), which governs motions pursuant to amendments to the U.S. Sentencing Guidelines. The Guidelines themselves preclude sentencing reductions made pursuant to Section 3582(c)(2) that impose a term of imprisonment less than the amended guideline range, unless a defendant received a sentence below the guideline range in effect at the time of initial sentencing due to the defendant's "substantial assistance to authorities." U.S.S.G. §§ 1B1.10(b)(2)(A), (B).[2]

The Government argues that Section 3582(c)(2) applies to First Step Act sentence reductions and, because Robinson's statutory maximum penalty and guidelines range remain unchanged after the enactment of the First Step Act, the Court should not reduce his sentence. ECF

---

[2] Of course, the U.S. Sentencing Guidelines themselves are advisory, not mandatory. *See United States v. Booker*, 543 U.S. 220, 249–58 (2005).

6

No. 150 at 6–12. Robinson responds that the First Step Act does not adopt the limitations on reducing sentences contained in Section 3582(c)(2) and, regardless, courts retain the authority to impose and reduce sentences below the applicable guideline range. ECF No. 151 at 19–27. Again, the Court agrees with Robinson.

Section 3582(c)(1)(B) permits a court to reduce a term of imprisonment that has already been imposed only if a statute "*expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Consequently, Section 3582(c)(1)(B) "merely redirects courts to . . . other sources of authority that exist, without providing any substantive standard of its own." *Rose*, 379 F. Supp. 3d at 232 (citing *United States v. Triestman*, 178 F.3d 624, 629 (2d Cir. 1999)). Therefore, Section 3582(c)(1)(B) is "not itself a source of authority for sentence modifications, nor does it delineate the scope of what the district court should consider when resentencing is authorized by another provision." *Rose*, 379 F. Supp. 3d at 232.

But, upon motion of the defendant, Section 404 of the First Step Act authorizes a district court that has previously sentenced a defendant for committing a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." First Step Act § 404(b). The Court finds this language sufficiently qualifies as an "express grant of remedial power," *Triestman*, 178 F.3d at 629, empowering a court to modify a defendant's sentence pursuant to Section 3582(c)(1)(B). Regardless, because Section 404 "authorizes a reduction in sentence by its own terms, it would be effective even absent the existence of 18 U.S.C. § 3582(c)(1)(B) as complementary authority." *Dodd*, 372 F. Supp. 3d at 797 n.2.

Nowhere in the text of Section 404 of the First Step Act is there a requirement that courts abide by the limitations in 18 U.S.C. § 3582(c)(2). Numerous courts that have entertained motions

7

to reduce sentence pursuant to Section 404 have emphasized that the "limits of 18 U.S.C. § 3582(c)(2) are inapplicable." *Boulding*, 379 F. Supp. 3d at 653; *see also Rose*, 379 F. Supp. 3d at 232 (holding that "the scope of a sentencing proceeding authorized by the First Step Act is not constrained by § 3582(c)(1)(B) . . . nor would it be helpful, as some courts have done, to analogize to the other modification provisions under § 3582(c), which are subject to entirely different standards"); *Dodd*, 372 F. Supp. 3d at 797–98 (holding that the Government's argument that Section 3582(c)(2) limited the extent to which a court could modify a term of imprisonment under Section 404 of the First Step Act was a "misplaced equivalency"); *but see United States v. Glover*, 377 F. Supp. 3d 1346, 1356–57 (S.D. Fla. 2019) (applying the limitations in Section 3582(c)(2) to a defendant's motion to reduce sentence under Section 404 of the First Step Act).

Although the district courts are not unanimous in determining the extent to which Section 3582(c)(2) applies to modifications of imprisonment terms pursuant to Section 404 of the First Step Act, in the absence of any binding directive from the appellate courts, the Court is of the view that district courts are <u>not</u> constrained by Section 3582(c)(2). The Court recognizes that, for a defendant who has filed a motion for reduced sentence pursuant to an Amendment to the U.S. Sentencing Guidelines, Section 3582(c)(2) precludes it from reducing that defendant's term of imprisonment if the Amendment does not reduce the defendant's guideline sentencing range. Indeed, the Court has already denied a motion by Defendant to reduce his term of imprisonment pursuant to Amendment 782 of the U.S. Sentencing Guidelines for this very reason. *See* ECF No. 140 at 3–5. Still, the statutory language of the First Step Act does not mention the limitations of Section 3582(c)(2) at all, nor does it condition eligibility for a sentence reduction under Section 404 on a reduced guideline range. The absence of these conditions in the First Step Act suggests

that Congress did not intend for courts to be bound by Section 3582(c)(2) when using their discretion to modify a term of imprisonment pursuant to the Act.

Therefore, instead of applying the restrictions in 18 U.S.C. § 3582(c)(2) to determine if Robinson's Motion should be granted, the Court will apply the factors in 18 U.S.C. § 3553(a). *See Stanback*, 377 F. Supp. 3d at 625 n.2 (citing a newsletter from the U.S. Sentencing Commission stating that, regardless of whether a resentencing under the First Step Act is a plenary resentencing or a limited modification, "courts should consider the guidelines and policy statements, along with other 3553(a) factors"); *cf. United States v. Davis*, 679 F.3d 190, 195–96 (4th Cir. 2012) (holding that, when considering a motion to reduce sentence under Rule 35(b), courts could consider other 3553(a) factors besides the defendant's substantial assistance).

### IV.

Having considered the 3553(a) factors and having reviewed the decisions of other federal district courts considering First Step Act Section 404 motions, the Court will **GRANT** Robinson's Motion and reduce his term of imprisonment and term of supervised release.

Both Robinson and the Government agree that his sentencing guideline range remains 360 months to life, based on a criminal history category of VI, an offense level of 37, a career offender designation under U.S.S.G. § 4B1.1, and a notice of prior drug conviction filed by the Government pursuant to 18 U.S.C. § 851. However, the Court reduced its initial sentence of Robinson from 360 months to 264 months after the Supreme Court's *Booker* decision because the Court was concerned that Robinson's career offender designation was predicated on a conviction for breaking and entering, noting that "10 years is an awful big kick for the Breaking and Entering offense in this case." Sentencing Transcript (ECF No. 83) at 77. Instead, the Court imposed a below-guidelines sentence of "240 months minimum for the repeat drug offense" and "two years, effectively, for the

Breaking and Entering, which at the time did not result in any sort of sentence at all under the terms of incarceration." *Id.* at 77–78; *see also* ECF No. 79 (Order reducing Robinson's term of imprisonment from 360 months to 264 months).

The Government argues that because Robinson received an initial sentence below his guidelines range, he should not receive a further reduction. ECF No. 150 at 6–9. However, numerous district courts in reviewing First Step Act Section 404 motions have reduced defendants' terms of imprisonment even though many of those defendants received reductions that fell below the applicable guideline range. *See* ECF No. 151-1 at 7 (U.S. Sentencing Commission Report noting that, as of April 30, 2019, district courts had reduced the sentences of 1,051 defendants under Section 404, and 26.2% of those defendants had received modified terms of imprisonment below their applicable sentencing guideline ranges); *see also Pierre*, 372 F. Supp. 3d at 21–22 (reducing a defendant's sentence to a term of imprisonment below guidelines range); *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019) (reducing the term of imprisonment of a defendant initially sentenced to a within-guideline term of 360 months, later commuted to 262 months, to a below-guideline term of 180 months after he filed a Section 404 motion); *United States v. Copeland*, No. 7:06-cr-00018, 2019 WL 2090699, at *5 (W.D. Va. May 13, 2019) (reducing the term of imprisonment of a defendant initially sentenced to a below-guideline term of 144 months to a further below-guideline term of 116 months). The Court holds that Robinson is not precluded from receiving a reduction in his term of imprisonment under Section 404 of the First Step Act solely because his initial term of imprisonment fell below the sentencing guidelines range in effect act that time.

While Robinson was convicted of possessing a sizable quantity of cocaine with intent to distribute, his crimes were not violent, nor did he possess a firearm when committing them. Since

his arrest in 2002, Robinson has been imprisoned for more than 17 years as a result of the crimes for which he was convicted at trial. Robinson has already been imprisoned for the vast majority of the 22 years to which he was initially sentenced in 2005—and for nearly the entire 210 months to which his term of imprisonment was reduced *with the consent of the Government* in 2009. After serving more than 17 years in prison, a mere 22-month reduction can hardly be characterized, as the Government does, as a "windfall" for Robinson. Further, Robinson's disciplinary record in prison shows that he has not been cited for misconduct since October 2012, and the Bureau of Prisons reports that he "requires little to no supervision" on his work assignments and that he "is not viewed as a management concern." ECF No. 145-1 at 1–2 (Bureau of Prisons Summary Reentry Plan – Progress Report for Everett Robinson).

The Court takes seriously its responsibility to impose terms of imprisonment that satisfy the twin goals of deterring future criminal behavior and protecting the broader community from harm. But, in the present case, the Court is satisfied that both of these goals have been accomplished by the term of imprisonment that Robinson has already served. Robinson is eligible for a sentence reduction under Section 404 of the First Step Act. Accordingly, the Court will **GRANT** his Motion for Imposition of a Reduced Sentence and enter an Amended Judgment reducing his term of imprisonment to 188 months and his term of supervised release to four years.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 13, 2019**

11